1  **LAW OFFICES OF RONALD A. MARRON**
   RONALD A. MARRON (SBN 175650)
2  ron@consumeradvocates.com
   MICHAEL T. HOUCHIN (SBN 305541)
3  mike@consumeradvocates.com
   651 Arroyo Drive
4  San Diego, CA  92103
   Tel: (619) 696-9006
5  Fax: (619) 564-6665
   [additional counsel listed on signature page]
6  *Attorneys for Plaintiff and the*
   *Proposed Class*
7

8

9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12

13  ADRIENNE MORRIS, individually and on    Case No.
    behalf of all others similarly situated,

14                                          **CLASS ACTION COMPLAINT**
           Plaintiff,

15                                          __**DEMAND FOR JURY TRIAL**__
           v.

16  MOTT'S LLP, a Delaware partnership,

17         Defendant.

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Adrienne Morris ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned counsel, hereby brings this Action against Defendant Mott's LLP ("Defendant"), alleging that certain products manufactured, packaged, labeled, advertised, distributed and sold by Defendant are misbranded and falsely advertised in California and otherwise violate California law, and upon information and belief and investigation of counsel alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The Defendant is a citizen of a state different from that of the Plaintiff, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

2.     The Court has jurisdiction over the state law claims because they form part of the same case or controversy under Article III of the United States Constitution.

3.     The Court has personal jurisdiction over Defendant because its Assorted Fruit Snacks products are advertised, marketed, distributed and sold through the State of California; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in the State of California; Defendant is authorized to do business in the State of California; and Defendant has sufficient minimum contacts with the State of California, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant is engaged in substantial activity with the State of California.

4.     Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Assorted Fruit Snacks products at issue in this action in this judicial district, and it conducts business within this judicial district. Plaintiff also purchased the Products within this District.

CLASS ACTION COMPLAINT

**NATURE OF THE ACTION**

5.     This is a consumer class action for violations of warranty, negligent and intentional misrepresentations/omissions and consumer protection laws, with a California class for violation of California consumer protection laws.

6.     Defendant manufactures, distributes, advertises, markets and sells a variety of purportedly natural fruit flavored products known as the Mott's Fruit Flavored Snacks Assorted Fruit, Mott's Fruit Flavored Snacks Berry, Mott's Fruit Flavored Snacks Tropical, Mott's Fruit Flavored Snacks Assorted Fruit Plus Fiber, and Mott's Fruit Flavored Snacks Fruity Rolls.

7.     The labeling of their Mott's Assorted Fruit Snacks (the "Products") is false and misleading and the Products thus are misbranded under consumer protection laws. Specifically, the Products are labeled as if they are flavored only with natural ingredients when it in fact they contain an undisclosed artificial flavor, malic acid, in violation of state and federal law.

8.     Defendant's packaging, labeling, and advertising scheme is intended to give consumers the impression that they are buying premium, all-natural products with only natural flavoring ingredients instead of products that contain artificial chemicals and that are artificially flavored.

9,     Plaintiff, who was deceived by Defendant's unlawful conduct and purchased the Mott's Assorted Fruit Flavored Snacks in California, brings this action on her own behalf and on behalf of California consumers to remedy Defendant's unlawful actions.

10.     On behalf of the Class as defined herein, Plaintiff seeks an Order compelling Defendant to, among other things: (1) cease packaging, distributing, advertising and selling the Products in violation of U.S. FDA regulations and California consumer protection laws and state common laws; (2) re-label or recall all existing deceptively packaged Products; (3) conduct a corrective advertising campaign to inform consumers

fully; (4) award Plaintiff and other Class members restitution, actual damages, and punitive damages; and (5) pay all costs of suit, expenses, and attorneys' fees.

**PARTIES**

11.     Plaintiff Adrienne Morris is a citizen of the State of California and resides in Costa Mesa, California.  Plaintiff purchased the Mott's Assorted Fruit Flavored Snacks for personal consumption during the last two years in California.

12.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Mott's LLP is a Delaware partnership with its principal place of business located in Plano, Texas. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant, at all times relevant, conducted business in the State of California and within the Central District of California.

**FACTUAL BACKGROUND**

**Defendant Does Not Disclose That The Products Are Artificially Flavored.**

13.     Defendant's labeling and advertising scheme is deliberately intended to give consumers the false impression that the Products are composed only of natural flavors from assorted fruit and vegetable flavors.

14.     The image below is a true and accurate reproduction of the front label of the Mott's Assorted Fruit Flavored product.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16      15.     As depicted, Mott's Assorted Fruit Flavored Snack product's front label
17  prominently displays a picture of apples, pears, strawberries, carrots, and other fruits and
18  vegetables. Defendant painstakingly and intentionally designed this product label to
19  deceive consumers into believing that there are no artificial ingredients, including
20  artificial flavoring agents or artificial chemicals contained in their products. Indeed, the
21  front label prominently states that the product is "Made with REAL Fruit & Veggie
22  Juice."

23      16.     The Products, however, contain a synthetic chemical flavoring compound
24  identified as "malic acid."  This "malic acid" is an inexpensive synthetic chemical used
25  in processed food products to make the taste like tangy fresh fruits – like blueberries,
26  lemons, mangos, or cherries, and in the Products Plaintiff purchased, like apples and
27  assorted other fruit and vegetable flavors.

28

17.    Under these circumstances, the label of the Products violate California and federal statutes and state common law in multiple respects.

18.    First, because each of the Products contain additional flavoring ingredients that simulate and reinforce the characterizing flavor, the front label is required by law to disclose those additional flavors rather than misleadingly suggest that the products are flavored only by natural fruit juices.  (California Health & Safety Code § 109875 *et seq.*, (Sherman Law), incorporating 21 C.F.R. § 101.22.)[1]

19.    Second, the Products' ingredients list violates federal and state law because it identifies, misleadingly, the malic acid flavoring only as the general "malic acid" instead of using the specific, non-generic name of the ingredient.  (*See* 21 C.F.R. § 101.4(a)(1).)

20.    Even more deceptive, however, is the fact that the Products, rather than being flavored only with natural juices and flavors as the label suggests, contain an undisclosed artificial flavor made from petrochemicals. Defendant conceals this from consumers.

21.    There is a different, naturally-occurring form of malic acid found in some fruits and vegetables.  Defendant does not use this type of malic acid; it instead adds a synthetic industrial chemical called d-1 malic acid,[2] in the form of a racemic mixture of d- and 1-isomers, to flavor the Products and make it taste like fresh fruit.

22.    This type of "malic acid" is not naturally-occurring but is in fact manufactured in petrochemical plants from benzene or butane – components of gasoline

---

[1] California's Sherman Food, Drug and Cosmetic Act, California Health & Safety Code § 109875 *et seq.,* incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act.  An act or omission that would violate an FDCA regulation necessarily violates California's Sherman Law.  (Health & Safety Code, § 110100.)  Regulatory citations in the text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

[2] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

CLASS ACTION COMPLAINT

and lighter fluid, respectively – through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts.

23.     Both the natural and unnatural forms of malic acid are considered "GRAS" (generally recognized as safe) for use as flavorings in foods marketed to adults[3]; the d-malic acid form, however, has never been extensively studied for its health effects in human beings.  Both forms confer a "tart, fruity" flavor to food products.[4]

24.     Defendant uses this artificial petrochemical, d-1 malic acid, in its Products but pretends otherwise, conflating the natural and artificial flavorings and deceiving consumers.

25.     Because it contains artificial flavor, both federal and state law require the Products to display both front- and back-label disclosures to inform consumer that it is artificially flavored.  (21 C.F.R. § 101.22.)

26.     The Products have neither front-label nor back-label disclosures. Defendant intentionally designed the Products' labels without the required disclosure of "Artificial Flavoring" on the front or back of the labels for the purpose of deceiving consumers into believing that there are no artificial ingredients, artificial flavoring agents or artificial chemicals contained in the Products.  It is currently unknown whether the Products are also contaminated with precursor chemicals used in the manufacture of d-1 malic acid.

27.     California law, incorporating and identically mirroring U.S. Food, Drug and Cosmetic Act regulations by reference, requires that a food's label accurately describe the nature of the food product and its characterizing flavors.  (21 C.F.R. § 102.5(a).)

28.     Under FDA regulations, a recognizable primary flavor identified on the front label of a food product is referred to as a "characterizing flavor."  (21 C.F.R. § 101.22.)

---

[3] The d-l form of malic acid, the one used by Defendant, is forbidden for use in baby foods out of health concerns if consumed by infants.

[4] https://thechemco.com/chemical/malic-acid/ (last visited October 4, 2018).

CLASS ACTION COMPLAINT

29.     FDA regulations and California law establish that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavors by word, vignette, e.g., description of a fruit, or other means" then "such flavor shall be considered the characterizing flavor." (California's Sherman Law, incorporating 21 C.F.R. § 101.22(i).)

30.     Apples and assorted other fruit and vegetable flavors are named and labeled as, and are primary recognizable flavors identified on the Products' front label.  These are characterizing flavors under California and federal regulations.

31.     If a product's characterizing flavor is not created exclusively by the characterizing flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either or both of natural or artificial flavorings. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored." (California's Sherman Law, incorporating 21 C.F.R. § 101.22(i)(3), (4).)

32.     A food product's label also must include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) … when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance … and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." (California's Sherman Law, incorporating 21 C.F.R. § 102.5(c).)  Such statements must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. (*Id.*)

33.     The synthetic d-l malic acid in the Products simulate, resemble, and reinforce the characterizing fruit flavors for the Products. Under these regulations, Defendant was required to place prominently on the Products' front label a notice sufficient to allow California consumers to understand that the Products contain artificial flavorings.

34.     Defendant failed to do so, deceiving consumers and violating California law, federal law, and corresponding state common laws.

35.    Accordingly, Plaintiff and the Class were unaware that the Products contained artificial flavoring when they purchased it.

36.    When purchasing the Products, Plaintiff and Class Members were seeking products of particular qualities that was flavored only with the natural ingredients claimed on the label and which did not contain artificial flavoring.

37.    Plaintiff and Class Members are not alone in these purchasing preferences. As reported in Forbes Magazine, 88% of consumers polled recently indicated they would pay more for foods perceived as natural or healthy.  "All demographics [of consumers] – from Generation Z to Baby Boomers – say they would pay more" for such products, specifically including foods with no artificial flavors.[5]  Forty-one percent (41%) of consumers rated the absence of artificial flavors in food products as "Very Important," and eighty percent (80%) of North American consumers are willing to pay a premium for foods with no artificial ingredients.[6]

38.    John Compton, the CEO of a beverage manufacturer, spoke to investors at the Morgan Stanley Consumer & Retail Conference, stating: "We have talked extensively to consumers about this idea, and they come back and tell us the number one motivation for purchase is products that claim to be natural."  Defendant's labeling and advertising reflect these consumer preferences – not by making the Products solely with natural ingredients, but instead by concealing the fact that the Products are artificially flavored.

---

[5] *Consumers Want Healthy Foods - And Will Pay More For Them*"; Forbes Magazine, February 15, 2015.
https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; (last visited March 22, 2018).

[6] The Nielsen Company, Global Health and Wellness Survey, "Healthy Eating Habits Around the World," 2015; https://www.nielsen.com/content/dam/nielsenglobal/eu/nielseninsights/pdfs/Nielsen%20Global%20Health%20and%20Wellness%20Report%20-%20January%202015.pdf; (last visited March 22, 2018)

39.    California's Health & Safety Code states that "[a]ny food is misbranded it is bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labelling states that fact." (California Health & Safety Code, § 110740.)

40.    California law requires Defendant to include sufficient notice on the Products' labels to alert California consumers that the Products are artificially flavored. Defendant failed to do so.  Accordingly, Defendant's Products were misbranded and illegal to distribute or sell in California.  (California Health & Safety Code, §§ 110740, 110760, 110765.)

41.    Because the Products violated California law, they were misbranded when offered for sale in California.

42.    Plaintiff and the Class lost money as a result of Defendant's conduct because they purchased Products that contained undisclosed artificial flavors and were illegal to sell.

**Plaintiff's Purchases Of The Mott's Assorted Fruit Flavored Snacks Products**

43.    Plaintiff Adrienne Morris purchased the Mott's Fruit Flavored Assorted Snacks in California during the Class Period defined herein. Specifically, Plaintiff purchased several packages of these products periodically since 2017 in the Central District of California.

44.    Plaintiff's most recent purchase was in June 2018 at Target located on 3030 Harbor Blvd Suite A, Costa Mesa, CA 92626.

45.    Plaintiff subsequently discovered Defendant's unlawful acts as described herein, when she learned that Mott's Assorted Fruit Flavored Snacks products' characterizing flavors were deceptively created or reinforced using artificial flavoring even though Defendant failed to disclose that fact on the Products' labels.

46.    Plaintiff was deceived by and relied upon the Mott's Assorted Fruit Flavored Snacks products' deceptive labeling, and specifically the omission of the legally-required notice that it contains artificial flavorings. Plaintiff purchased the Products believing they

were naturally flavored, based on the Products' deceptive labelling and failure to disclose that they are artificially flavored.

47.     Plaintiff, as a reasonable consumer, is not required to subject consumer food products to laboratory analysis, to scrutinize the back of the label to discover that the products' front labels are false and misleading, or to search the labels for information that federal regulations require be displayed prominently on the front – and, in fact, under state law is entitled to rely on statements that Defendant deliberately places on the Products' labelling.  Defendant, but not Plaintiff, knew or should have known that this labelling was in violation of federal regulations and state law.

48.     Because Plaintiff reasonably assumed that the Products would be free of artificial flavoring, based on the Products' labels, when they were not, she did not receive the benefit of her purchase. Instead of receiving the benefit of products free of artificial flavoring, she received products that were unlawfully labelled to deceive the consumer into believing that they were exclusively naturally flavored and contained no artificial flavoring, in violation of federal and state labelling regulations.

49.     Plaintiff would not have purchased the Products in the absence of Defendant's misrepresentations and omissions. Had Defendant not violated California law, Plaintiff would not have been injured.

50.     The Products were worth less than what Plaintiff paid for them and Class members would not have paid as much as they did for the Products absent Defendant's false and misleading statements and omissions.

51.     Plaintiff and the Class therefore lost money as a result of Defendant's unlawful behavior. Plaintiff and the Class altered their position to their detriment and suffered loss in an amount equal to the amounts they paid for the Products.

52.     Plaintiff intends to, seeks to, and will purchase the Products again when she can do so with the assurance that the Products' labels, which indicate that the Products are naturally flavored, are lawful and consistent with the Products' ingredients.

CLASS ACTION COMPLAINT

# CLASS ACTION ALLEGATIONS

53.    Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

54.    The Nationwide Class is defined as follows:

All U.S. citizens who purchased the Products in their respective state of citizenship on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

55.    The California Class is defined as follows:

All California citizens who made retail purchases of the Products in California on or after January 1, 2012 and until the Class is certified, for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents and affiliates, and the Court and its staff.

56.    During the Class Period, the Products unlawfully contained the undisclosed artificial flavors d-malic acid or d-l malic acid and were otherwise improperly labeled. Defendant failed to label the Products as required by California law.

57.    During the Class Period, Class members purchased the misbranded Products, paying a price premium for the Products compared to similar products lawfully labeled.

58.    The proposed Classes meet all criteria for a class action, including numerosity, commonality, typicality, predominance, superiority, and adequacy of representation.

59.    This action has been brought and may properly be maintained as a class action against Defendant. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. The Members of the Class are so

numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

60.     The proposed Classes satisfy typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result of purchasing the Products that were illegal to sell in California.

61.     The proposed Class satisfies superiority. A class action is superior to any other means for adjudication of the Class members' claims because each Class member's claim is modest, based on the Products' retail purchase prices which are generally under $5.00 per unit. It would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

62.     Because Defendant's misrepresentations were made on the label of the Products, all Class members including Plaintiff were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate California law with impunity.

63.     The proposed Class representative satisfies adequacy of representation. Plaintiff is an adequate representative of the Class as he seeks relief for the Class, his interests do not conflict with the interests of the Class members, and he has no interests antagonistic to those of other Class members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

64.     The proposed Classes satisfy commonality and predominance. There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

65.     Questions of law and fact common to Plaintiff and the Class include:

a. Whether Defendant failed to disclose the presence of the artificial flavoring ingredient d-l malic acid in the Products;

b. Whether Defendant's labeling omissions and representations constituted false advertising under California law;

c. Whether Defendant's conduct constituted a violation of California's Unfair Competition Law;

d. Whether Defendant's conduct constituted a violation of California's Consumer Legal Remedies Act;

e. Whether Defendant's label statements claiming solely natural flavorings was an affirmative representation of the Products' composition and conveyed an express warranty;

f. Whether Defendant's conduct constitutes a breach of implied warranties under California's Commercial Code;

g. Whether the statute of limitations should be tolled on behalf of the Class;

h. Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

i. Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

66.     Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

67.     Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

68.     Class treatment is therefore appropriate under Federal Rule of Civil Procedure 23.

69.     Class damages will be adduced at trial through expert testimony and other competent evidence.

70.     California law holds that the price-premium consumers paid for the falsely-advertised Products, as a percentage of the Products' retail prices, is a proper measure of Class damages.

CLASS ACTION COMPLAINT

71.    Food-industry consumer research is consistent and readily supports such estimates of that price-premium, as consumers quantitatively report that they seek out, value, and are willing to pay a premium for food products with no artificial flavors.

72.    On information and belief, based on publicly-available information, Plaintiff alleges that the total amount in controversy exclusive of fees, costs, and interest, based on the estimated price premium and the Products' revenue for sales to the Class in California during the proposed Class Period, exceeds $5 million.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### FRAUD BY OMISSION

### CAL. CIV. CODE §§ 1709-1710

**and the common law of all states**

**(on behalf of the Nationwide Class and the California Class)**

73.    Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

74.    Plaintiff brings this claim for fraud by omission pursuant to California Civil Code §§ 1709-1710, *et seq.* and the common law of all states. The elements of fraud are substantially similar from state to state, thus making nationwide class certification appropriate.

75.    Defendant actively concealed material facts, in whole or in part, with the intent to induce Plaintiff and members of the Class to purchase the Products. Specifically, Defendant actively concealed the truth about the Products by not disclosing the existence of artificial flavoring ingredients on the front label of the Products as is required by California and federal law.

76.    Plaintiff and the Class was unaware of these omitted material facts and would not have purchased the Products, or would have paid less for the Products, if they had known of the concealed facts.

77.    Plaintiff and the Class suffered injuries that were proximately caused by Defendant's active concealments and omissions of material facts.

78.    Defendant's fraudulent concealments and omissions were a substantial factor in causing the harm suffered by Plaintiff and the Class members as they would not have purchased the Products at all if all material facts were properly disclosed.

## SECOND CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

### CAL. CIV. CODE §§ 1709-1710

### and the common law of all states

### (on behalf of the Nationwide Class and the California Class)

79.    Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

80.    Plaintiff brings this claim for negligent misrepresentation pursuant to California Civil Code §§ 1709-1710, *et seq.* and the common law of all states. The elements of negligent misrepresentation are substantially similar from state to state, thus making nationwide class certification appropriate.

81.    Defendant had a duty to disclose to Plaintiff and the Class members the existence of artificial flavoring ingredients on the front labels of the Products pursuant to California and federal law. Defendant was in a superior position than Plaintiff and the Class members such that reliance by Plaintiff and the Class members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

82.    During the applicable Class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the products, including the existence of artificial flavoring ingredients.

83.    Defendant was careless in ascertaining the truth of their representations in that it knew or should have known that Plaintiff and the Class members would not have realized the true existence of artificial flavoring ingredients in the Products.

84.    Plaintiff and the Class members were unaware of the falsity of Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

85.    Plaintiff and the Class members would not have purchased the Products, or would have paid less for the Products, if the true facts had been known.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT,

### Cal. Civ. Code § 1750, *et seq.*

### (on behalf of the California Class)

86.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

87.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA") prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

88.    Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d). The Products are a "good" as defined by Cal. Civ. Code § 1761.

89.    Defendant's failure to label the Products in compliance with federal and state labeling regulations, was an unfair, deceptive, unlawful, and unconscionable commercial practice.

90.    Defendant's conduct violates the CLRA, including but not limited to, the following provisions:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

91.    As a result of Defendant's violations, Plaintiff and the Class suffered ascertainable losses in the form of the price premiums they paid for the deceptively labeled and marketed Products, which they would not have paid had the Products been labeled truthfully, and in the form of the reduced value of the Products purchased compared to the Products as labeled and advertised.

92.    On or about September 14, 2018. prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code § 1782(a). Plaintiff sent Defendant, individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.

93.    Wherefore, Plaintiff seeks injunctive relief for Defendant's violations of the CLRA. If Defendant fails to take the corrective action detailed in Plaintiff's CLRA letter within thirty days of the date of the letter, then Plaintiff will seek leave to amend their complaint to add a claim for damages under the CLRA.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW,

### (UNLAWFUL PRONG)

### Cal. Business & Professions Code § 17200, *et seq.*

### (on behalf of the California Class)

94.    Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

95.    Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice. Section 17200 specifically prohibits any "unlawful . . . business act or practice."

96.    The UCL borrows violations of other laws and statutes and considers those violations also to constitute violations of California law.

97.    Defendant's practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, FDA regulations and California's Sherman Law.

98.    Among other violations, Defendant's conduct in unlawfully packaging and distributing the Products in commerce in California violated U.S. FDA packaging and labelling regulations.

99.    The Products' labels fail to disclose that they contain synthetic artificial flavoring in violation of 21 C.F.R. § 101.22 and California's Sherman Law.

100.    The Products contain d-l-malic acid. The d-l-malic acid is a flavoring material that creates, simulates, and reinforces the Products' characterizing fruit flavors.

101.    The d-l-malic acid in the Products are not derived from a natural material as defined in 21 C.F.R. § 101.22 and is therefore by law artificial flavors.

102.    Defendant fails to inform consumers of the presence of the artificial flavor in the Products, on either the front or back-label as required by law.

103.    Defendant's practices are therefore unlawful as defined in Section 17200 of the California Business & Professions Code.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

### (UNFAIR PRONG)

### Cal. Business & Professions Code § 17200, *et seq.*

### (on behalf of the California Class)

104.    Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

105.    Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unfair . . . business act or practice." Defendant's practices violate the Unfair Competition Law "unfair" prong as well.

106.    Defendant's practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California residents and the utility of the conduct to Defendant does not outweigh the gravity of the harm to consumers.

107.    While Defendant's decision to label the Products deceptively and in violation of California law may have some utility to Defendant in that it allows Defendant to sell the Products to consumers who otherwise would not purchase artificially-flavored food products at the retail price or at all if they were labelled correctly, and to realize higher profit margins than if they formulated or labelled the Products lawfully, this utility is small and far outweighed by the gravity of the harm Defendant inflicts upon California consumers.

108.    Defendant's conduct also injures competing food product manufacturers, distributors, and sellers that do not engage in the same unlawful, unfair, and unethical behavior.

109.    Moreover, Defendant's practices also violate public policy expressed by specific constitutional, statutory or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

110.    Plaintiff's and Class members' purchases of the Products all took place in California.

111.    Defendant labeled the Products in violation of federal regulations and California law requiring truth in labelling.

112.    Defendant consciously failed to disclose material facts to Plaintiff and the Class in Defendant's advertising and marketing of the Products.

113.    Defendant's conduct is unconscionable because, among other reasons, it violates 21 C.F.R. § 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring … [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be

necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

114.    Defendant's conduct is "unconscionable" because it violates, among other things, 21 C.F.R. § 101.22(c), which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the products' front label.

115.    Defendant intended that Plaintiff and the Class rely on Defendant's acts of omission so that Plaintiff and other Class members would purchase the Products.

116.    Had Defendant disclosed all material information regarding the Products in its advertising and marketing, Plaintiff and the Class would not have purchased the Products or would have paid less for the Products.

117.    Plaintiff and the Class suffered injury in fact and lost money or property as a result of Defendant's deceptive advertising.  They were denied the benefit of the bargain when they decided to purchase the Products based on Defendant's violation of the applicable laws and regulations, or to purchase the Products in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labelled.

118.    Plaintiff suffered an ascertainable loss of money.  The acts, omissions and practices of Defendant detailed herein proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, among other things, monies spent to purchase the Products they otherwise would not have, and they are entitled to recover such damages, together with appropriate penalties, including restitution, damages, attorneys' fees and costs of suit.

119.    Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising."  For the reasons set forth above, Defendant engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code § 17200.

120.   Pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order requiring Defendant immediately to cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to return the full amount of money improperly collected to those who purchased the Product.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

### Cal. Business & Professions Code § 17500, *et seq.*

### (on behalf of the California Class)

121.   Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

122.   Plaintiff brings this fourth cause of action on behalf of the Class against Defendant for violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL").

123.   Defendant made and distributed, in California and in interstate commerce, the Products that unlawfully fail to disclose artificial flavoring on their packaging as required by federal food labelling regulations.

124.   The Products' labelling and advertising in California falsely describe the Products as if they are only naturally flavored.

125.   Under California' False Advertising Law, Business & Professions Code § 17500 *et seq., "*It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property … to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated form this state before the public in any state, in any newspaper or other publication, or any advertising device … any statement concerning that real or personal property … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. …" (Cal. Bus. & Prof. Code § 17500.)

CLASS ACTION COMPLAINT

126.    Defendant's labelling and advertising statements, communicating to consumers that the Products contain natural flavors and concealing the fact that they contained a synthetic artificial flavor, were untrue and misleading, and Defendant at a minimum by exercise of reasonable care should have known that those actions were false or misleading. Defendant's conduct violated California's False Advertising Law.

## SEVENTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTIES
### CAL. COMM. CODE § 2313

**(on behalf of the California Class and all states with substantially similar laws)**

127.    Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

128.    The Products' labels warrant that the products have "natural flavors." The Products' front labels also misleadingly advertise by operation of law that the products are flavored only with the listed fruits.

129.    These promises became part of the basis of the bargain between the parties and thus constituted an express warranty, which Defendant breached; the Products are artificially flavored.

130.    Defendant sold the goods to Plaintiff and other consumers who bought the goods from Defendant.

131.    As a result, Plaintiff and other consumers did not receive goods as warranted by Defendant.

132.    Within a reasonable amount of time after Plaintiff discovered that the Products contained synthetic ingredients, Plaintiff notified Defendant of such breach.

133.    As a proximate result of this breach, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

## EIGHT CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTIES
### CAL. COMM. CODE § 2314

**(on behalf of the California Class and all states with substantially similar laws)**

134.   Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

135.   Defendant's label representations also created implied warranties that the Products were suitable for a particular purpose, specifically as naturally flavored food products. Defendant breached this warranty as well.

136.   The Products' front label misleadingly implies that they are flavored with the natural ingredients comprising the characterizing flavors.  As alleged in detail above, at the time of purchase Defendant had reason to know that Plaintiff, as well as members of the Class, intended to use the Products as naturally flavored food products. This became part of the basis of the bargain between the parties.

137.   As alleged in detail above, at the time of purchase Defendant had reason to know that Plaintiff, as well as all members of the Class, intended to use the Products as naturally-flavored food products.

138.   This became part of the basis of the bargain between the parties.

139.   Based on the implied warranty, Defendant sold the goods to Plaintiff and other Class members who bought the goods from Defendant.

140.   At the time of purchase, Defendant knew or had reason to know that Plaintiff and the Class members were relying on Defendant's skill and judgment to select or furnish products that were suitable for this particular purpose, and Plaintiff justifiably relied on Defendant's skill and judgment.

141.   The Products were not suitable for this purpose.

142.   Plaintiff purchased the Products believing it had the qualities Plaintiff sought, based on the deceptive advertising and labelling, but the Products were actually unsatisfactory to Plaintiff for the reasons described herein.

143.   The Products were not merchantable in California, as it was not of the same quality as other products in the natural food category generally acceptable in the trade.

144.   The Products would not pass without objection in the trade when packaged with their existing label, because the Products were misbranded and illegal to sell in California.  (Cal. Commercial Code, §2314(2)(a).)

145.   The Products also were not acceptable commercially and breached their implied warranty because they were not adequately packaged and labelled as required. (Cal. Commercial Code, §2314(2)(e).)

146.   The Products also were not acceptable commercially and breached their implied warranty because they did not conform to the promises or affirmations of fact made on the container or label. (Cal. Commercial Code, §2314(2)(f), and other grounds set forth in Commercial Code, §2314.)

147.   By offering the Products for sale and distributing the products in California, Defendant also warranted that the Products were not misbranded and were legal to purchase in California. Because the Products were misbranded in several respects and were therefore illegal to sell or offer for sale in California, Defendant breached this warranty as well.

148.   As a result of this breach, Plaintiff and other consumers did not receive goods as impliedly warranted by Defendant.

149.   Within a reasonable amount of time after Plaintiff discovered that the Products contained synthetic flavoring ingredients, Plaintiff notified Defendant of such breach.

150.   As a proximate result of this breach of warranty, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

151.   As a result, Plaintiff and the Class, and the general public, are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of funds by which Defendant was unjustly enriched.

CLASS ACTION COMPLAINT

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Defendant as follows:

(A) An order confirming that this action is properly maintainable as a class action as defined above;

(B) An order appointing Plaintiff as class representative and The Law Office of Ronald A. Marron as counsel for the Class;

(C) An order requiring Defendant to bear the cost of Class notice;

(D) An order declaring that the conduct complained of herein violates the CLRA;

(E) An order declaring that the conduct complained of herein violates the UCL;

(F) An order declaring that the conduct complained of herein violates the FAL;

(G) An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

(H) An order requiring Defendant to disgorge any benefits received from Plaintiff and any unjust enrichment realized as a result of the improper and misleading labeling advertising, and marketing of the Products;

(I) An order requiring Defendant to pay restitution and damages to Plaintiff and Class members so that they may be restored any money which was acquired by means of any unfair, deceptive, unconscionable or negligent acts;

(J) An award of punitive damages in an amount to be proven at trial;

(K) An order enjoining Defendant's deceptive and unfair practices;

(L) An order requiring Defendant to conduct corrective advertising;

(M) An award of pre-judgment and post-judgment interest;

(N) An award of attorney fees and costs; and

(O)  Such other and further relief as this Court may deem just, equitable, or proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.

DATED: October 4, 2018                Respectfully Submitted,


*/s/ Ronald A. Marron*
Ronald A. Marron

**LAW OFFICES OF RONALD A. MARRON**
Ronald A. Marron
*ron@consumersadvocates.com*
Michael T. Houchin
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Fax: (619) 564-6665


**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
SCOTT J. FERRELL (SBN 202091)
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

***Counsel for Plaintiff and the Proposed Class***

CLASS ACTION COMPLAINT