**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
ron@consumeradvocates.com
MICHAEL T. HOUCHIN (SBN 305541)
mike@consumeradvocates.com
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665
[additional counsel listed on signature page]
*Attorneys for Plaintiffs and the*
*Proposed Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE MORRIS and NIKKI COOK, individually, on behalf of all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>MOTT'S LLP, a Delaware partnership,<br><br>Defendant. | Case No. 8:18-cv-01799-AG-ADS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

# **TABLE OF CONTENTS**

I.    JURISDICTION AND VENUE ..................................................................2

II.   NATURE OF THE ACTION ....................................................................3

III.  PARTIES ................................................................................................4

IV.   FACTUAL BACKGROUND ....................................................................4

   A.  Defendant Does Not Disclose That The Products Are Artificially Flavored..........4

   B.  Plaintiffs' Purchases Of The Mott's Fruit Snack Products. ...............................11

V.   CLASS ACTION ALLEGATIONS .........................................................13

VI.   CAUSES OF ACTION ...........................................................................16

VII.  PRAYER FOR RELIEF .........................................................................28

VIII. JURY DEMAND ....................................................................................29

Plaintiffs Adrienne Morris and Nikki Cook ("Plaintiffs"), on behalf of themselves, all others similarly situated, and the general public,  by  and through their undersigned counsel,  hereby  bring this Action against Defendant Mott's LLP ("Defendant"), alleging that certain products manufactured, packaged, labeled, advertised, distributed and sold by Defendant are misbranded and falsely advertised in California and otherwise violate California law, and upon information and belief and investigation of counsel allege as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The Defendant is a citizen of a state different from that of the Plaintiffs, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

2.      The Court has jurisdiction over the state law claims because they form part of the same case or controversy under Article III of the United States Constitution.

3.      The Court has personal jurisdiction over Defendant because its Mott's Fruit Snack Products are advertised, marketed, distributed and sold throughout the State of California; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in the State of California; Defendant is authorized to do business in the State of California; and Defendant has sufficient minimum contacts with the State of California, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant is engaged in substantial activity with the State of California.

4.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Fruit Snacks Products at issue in this judicial district, and it conducts business within this judicial district. Plaintiffs also purchased the Products within this

1   District.

## II.   NATURE OF THE ACTION

2

3   5.   This is a consumer class action for violations of warranty, negligent and

4   intentional misrepresentations/omissions and consumer protection laws, with a

5   California class for violations of California consumer protection laws.

6   6.   Defendant manufactures, distributes, advertises, markets and sells a variety

7   of purportedly natural fruit flavored products known as the Mott's Fruit Flavored Snacks

8   Assorted Fruit, Mott's Fruit Flavored Snacks Berry, Mott's Fruit Flavored Snacks

9   Tropical, Mott's Fruit Flavored Snacks Assorted Fruit Plus Fiber, and Mott's Fruit

10  Flavored Snacks Fruity Rolls (collectively referred to herein as the "Products" or "Fruit

11  Flavored Snack Products").

12  7.   The labeling of Mott's Fruit Flavored Snack Products is false and

13  misleading and the Products thus are misbranded under consumer protection laws.

14  Specifically, the Products are labeled as if they are only naturally flavored when in fact

15  they contain an undisclosed artificial flavor, malic acid, in violation of state and federal

16  law.

17  8.   Defendant's packaging, labeling, and advertising scheme is intended to give

18  consumers the impression that they are buying premium, all-natural products with only

19  natural flavoring ingredients instead of products that contain artificial chemicals and that

20  are artificially flavored.

21  9,   Plaintiffs, who were deceived by Defendant's unlawful conduct and

22  purchased Mott's Fruit Flavored Snack Products, bring this action on their own behalf

23  and on behalf of a nationwide class ("Nationwide Class") and California class

24  ("California Class") (collectively, the "Class" or "Classes") of consumers to remedy

25  Defendant's unlawful actions.

26  10.   On behalf of the Classes as defined herein, Plaintiffs seek an Order

27  compelling Defendant to, among other things: (1) cease packaging, distributing,

28  advertising and selling the Products in violation of U.S. FDA regulations and California

3

consumer protection laws and state common laws; (2) re-label or recall all existing deceptively packaged Products; (3) conduct a corrective advertising campaign to inform consumers fully; (4) award Plaintiffs and other Class members restitution, actual damages, and punitive damages; and (5) pay all costs of suit, expenses, and attorneys' fees.

### III.   PARTIES

11.    Plaintiff Adrienne Morris ("Plaintiff Morris") is a citizen of the State of California and resides in Costa Mesa, California. Plaintiff Morris purchased Mott's Fruit Snack Products for personal consumption during the last two years in California.

12.    Plaintiff Nikki Cook ("Plaintiff Cook") is a citizen of the State of California and resides in Loma Linda, California. Plaintiff Cook purchased Mott's Fruit Snack Products for personal consumption during the last three years in California.

13.    Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant Mott's LLP is a Delaware partnership with its principal place of business located in Plano, Texas. Plaintiffs are informed and believe, and upon such information and belief allege, that Defendant, at all times relevant, conducted business in the State of California and within the Central District of California.

### IV.   FACTUAL BACKGROUND

**A. Defendant Does Not Disclose That The Products Are Artificially Flavored.**

14.    Defendant's labeling and advertising scheme is deliberately intended to give consumers the false impression that the Products are composed only of natural flavors from assorted fruit and vegetable flavors.

15.    The images below are true and accurate reproductions of the front labels of the Mott's Fruit Flavored Snacks Assorted Fruit Product.

//

//

//

//

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





16.     As depicted, Mott's Assorted Fruit Snack Product's front label prominently displays a picture of apples, pears, strawberries, carrots, and other fruits and vegetables. Defendant painstakingly and intentionally designed these Product labels to deceive consumers into believing that there are no artificial ingredients, including artificial flavoring agents or artificial chemicals in their Products. The front label prominently states that the product is "Made with REAL Fruit & Veggie Juice."

17.     What is more, Defendant's most current packaging - the second image pictured above - promises that the Products are "naturally flavored" and contain "NO artificial flavors."

18.     The Products, however, contain a synthetic chemical flavoring compound identified as "d-l-malic acid."  This "d-l-malic acid" is an inexpensive synthetic chemical used in processed food products to make them taste like tangy fresh fruits – like blueberries, lemons, mangos, or cherries, and in the Products Plaintiffs purchased, like berries, tropical fruit and other assorted fruit flavors.

19.     Under these circumstances, the labels of the Products violate California and federal statutes and state common law in multiple respects.

20.     First, because each of the Products contain additional flavoring ingredients that simulate and reinforce the characterizing flavor, the front labels are required by law to disclose those additional flavors rather than misleadingly claim that the Products are "naturally flavored" and contain "NO artificial flavors."  (California Health & Safety Code § 109875 *et seq.,* (Sherman Law), incorporating 21 C.F.R. § 101.22.)[1]

21.     Second, the Products' ingredients list violates federal and state law because it identifies, misleadingly, the malic acid flavoring only as the general "malic acid"

_____

[1] California's Sherman Food, Drug and Cosmetic Act, California Health & Safety Code § 109875 *et seq.,* incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act.  An act or omission that would violate an FDCA regulation necessarily violates California's Sherman Law.  (Health & Safety Code, § 110100.)  Regulatory citations in the text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

instead of using the specific, non-generic name of the ingredient. (*See* 21 C.F.R. § 101.4(a)(1)).

22.    Even more deceptive, however, is the fact that the Products – rather than having "NO Artificial Flavors" and being "Naturally Flavored," as the labels claim – contain an undisclosed artificial flavor made from petrochemicals. Defendant conceals this from consumers.

23.    California's Sherman Law, as it incorporates and identically mirrors the U.S. FDA regulations promulgated pursuant to the U.S. Food, Drug, and Cosmetic Act ("FDCA"), defines natural flavorings as only those derived from "a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof." 21 CFR 101.22(a).

24.    Any flavoring that does not meet the definition of a natural flavor is an artificial flavor. *Id*.

25.    Mott's Fruit Flavored Snacks include an ingredient described on the Products' labeling as "malic acid."

26.    There is a naturally-occurring compound sometimes referred to informally or generically as malic acid. The natural form of malic acid is correctly and specifically identified as "l-malic acid." L-malic acid is found in several different types of fruits and vegetables.

27.    That, however, is not what Defendant puts in the Products. Defendant instead flavors the Products with a synthetic industrial chemical called d-1 malic acid,[2] in the form of a racemic mixture of d- and 1-isomers.

28.    On August 27, 2018, Plaintiffs tested Mott's Fruit Flavored Snacks Assorted Fruit for artificial d-l-malic acid in the amount of 0.208 g/100g.

29.    This type of "malic acid" is not naturally-occurring but is in fact

_____

[2] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

manufactured in petrochemical plants from benzene or butane – components of gasoline and lighter fluid, respectively – through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts.

30.    Both the natural and unnatural forms of malic acid are considered "GRAS" (generally recognized as safe) for use as flavoring agents in food products marketed to adults[3]; the d-l malic acid form, however, has not been extensively studied for its health effects in human beings. Both forms confer a "tart, fruity" flavor to food products and simulate the flavor of real fruit. According to The Chemical Company, an industrial chemical supplier, its d-l-malic acid is added to jellies and gummies to achieve a "natural fruit flavor profile."[4]

31.    Although the malic acid that is placed in the Products to simulate a fruity flavor is the d-l-malic acid – the artificial petrochemical – Defendant pretends otherwise, conflating the natural and artificial flavorings, misbranding the Products, and deceiving consumers.

32.    Because the Products contain an artificial flavor, both federal and state law require the Products to display both front and back-label disclosures to inform consumers that the Products contain artificial flavoring.  (21 C.F.R. § 101.22.)

33.    The Products have neither front-label nor back-label disclosures.

34.    In fact, the Products' new packaging, pictured above, claims that the Products are "naturally flavored" and contain "NO artificial flavors."

35.    Defendant intentionally designed the Products' labels without the required disclosure of "Artificial Flavors" on the front or back of the labels for the purpose of deceiving consumers into believing that there are no artificial ingredients, artificial flavoring agents or artificial chemicals contained in the Products.

36.    California law, incorporating and identically mirroring U.S. Food, Drug and

---

[3] The d-l form of malic acid, the one used by Defendant, is forbidden for use in baby foods out of health concerns if consumed by infants.
[4] https://thechemco.com/chemical/malic-acid/ (last visited December 26, 2018).

8

Cosmetic Act regulations by reference, requires that a food's label accurately describe the nature of the food product and its characterizing flavors.  (21 C.F.R. § 102.5(a).)

37.    Under FDA regulations, a recognizable primary flavor identified on the front label of a food product is referred to as a "characterizing flavor."  (21 C.F.R. § 101.22.)

38.    FDA regulations and California law establish that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavors by word, vignette, e.g., description of a fruit, or other means" then "such flavor shall be considered the characterizing flavor." (California's Sherman Law, incorporating 21 C.F.R. § 101.22(i).)

39.    Berry, Tropical Fruit, Strawberry Splash, and Assorted Fruit flavors are named and labeled as, and are primary recognizable flavors identified on the Products' front labels. These are characterizing flavors under California and federal regulations.

40.    If a food product's characterizing flavor is not created exclusively by the characterizing flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either or both of natural or artificial flavorings. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored." (California's Sherman Law, incorporating 21 C.F.R. § 101.22(i)(3)-(4).)

41.    A food product's label also must include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) … when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance … and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." (California's Sherman Law, incorporating 21 C.F.R. § 102.5(c).)  Such statements must be in boldface print on the front display panel and of sufficient size for an average consumer to notice.  (*Id.*)

42.    California's Health & Safety Code states that "[a]ny food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative,

9

unless its labeling states that fact." Cal. Health & Safety Code § 110740.

43.    Under these regulations, Defendant was required to place prominently on the Products' front labeling a notice sufficient to allow California consumers to understand that the Products contain artificial flavorings.

44.    Defendant failed to do so, deceiving consumers and violating California law, federal law, and corresponding state common laws.

45.    Because Defendant concealed this fact, Plaintiffs and the putative Classes were unaware that the Products contained artificial flavoring when they purchased them, and that it was illegal for Defendant to sell the Products in California.

46.    When purchasing the Products, Plaintiffs were seeking products of particular qualities – ones that were flavored only with the natural ingredients claimed on the label and which did not contain artificial flavoring.

47.    Plaintiffs are not alone in these purchasing preferences. As reported in Forbes Magazine, 88% of consumers polled recently indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers] – from Generation Z to Baby Boomers – say they would pay more" for such products, specifically including foods with no artificial flavors.[5] Forty-one percent (41%) of consumers rated the absence of artificial flavors in food products as "Very Important," and eighty percent (80%) of North American consumers are willing to pay a premium for foods with no artificial ingredients.[6]

48.    John Compton, the CEO of a beverage manufacturer, spoke to investors at the Morgan Stanley Consumer & Retail Conference, stating: "We have talked extensively

[5] "*Consumers Want Healthy Foods - And Will Pay More For Them*"; Forbes Magazine, February 15, 2015.
https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; (last visited March 22, 2018).
[6] The Nielsen Company, Global Health and Wellness Survey, "Healthy Eating Habits Around the World," 2015; https://www.nielsen.com/content/dam/nielsenglobal/eu/nielseninsights/pdfs/Nielsen%20Global%20Health%20and%20Wellness%20Report%20-%20January%202015.pdf; (last visited March 22, 2018)

to consumers about this idea, and they come back and tell us the number one motivation for purchase is products that claim to be natural."[7]

49.     Thus, Defendant was aware that consumers like Plaintiffs and the putative Classes prefer natural food products to those that are artificially flavored.

50.     Nevertheless, Defendant responded to consumers' changing purchase preferences, not by making the Products with natural ingredients, but instead by concealing the fact that the Products are artificially flavored – indeed, stating "NO artificial flavors" on the Products' front labeling.

51.     Plaintiffs lost money as a result of Defendant's conduct because they purchased Products that contained undisclosed artificial flavors at a price premium.

52.     Because the Products are illegal to sell, they were worth less than what Plaintiffs paid for them.

53.     Plaintiffs would not have purchased the Products in the absence of Defendant's misrepresentations and omissions, or would not have paid as much as they had for the Products absent Defendant's false and misleading statements and omissions.

**B. Plaintiffs' Purchases Of The Mott's Fruit Snack Products.**

54.     Plaintiff Adrienne Morris purchased Mott's Fruit Snack Products in California during the Class Period defined herein. Specifically, Plaintiff purchased several packages of these Products periodically since 2017 in the Central District of California.

55.     Plaintiff Morris' most recent purchase was in June 2018 at Target located on 3030 Harbor Blvd Suite A, Costa Mesa, CA 92626.

56.     Plaintiff Nikki Cook purchased Mott's Fruit Snack Products periodically since 2015 in the Central District of California.

---

[7] Alex Morris, *PepsiCo: 'All-Natural' Growth*, SEEKING ALPHA, Nov. 23, 2010, *available at* https://seekingalpha.com/article/238261-pepsico-all-natural-growth (last visited April 16, 2017). Financial analysts reported that the "all natural products" campaign was wildly successful.

57.    Plaintiff Cook's most recent purchase was in July 2018 at Target located on 27320 W Lugonia Avenue, Redlands, CA 92374.

58.    Plaintiffs subsequently discovered Defendant's unlawful acts as described herein, when they learned that the Products' characterizing flavors were deceptively created or reinforced using artificial flavoring even though Defendant failed to disclose that fact on the Products' labels.

59.    On August 27, 2018, Plaintiffs tested Mott's Fruit Flavored Snacks Assorted Fruit for artificial d-l-malic acid in the amount of 0.208 g/100g.

60.    Plaintiffs were deceived by and relied upon Mott's Products' deceptive labeling, and specifically the omission of the legally-required notice that they contained artificial flavoring. Plaintiffs purchased the Products believing they were naturally flavored, based on the Products' deceptive labelling and failure to disclose that they are artificially flavored.

61.    Plaintiffs, as a reasonable consumers, are not required to subject consumer food products to laboratory analysis, to scrutinize the back of the label to discover that the products' front labels are false and misleading, or to search the labels for information that federal regulations require be displayed prominently on the front – and, in fact, under state law are entitled to rely on statements that Defendant deliberately places on the Products' labelling.  Defendant, but not Plaintiffs, knew or should have known that this labelling was in violation of federal regulations and state law.

62.    Because Plaintiffs reasonably assumed that the Products would be free of artificial flavoring, based on the Products' labels, when they were not, they did not receive the benefit of their purchase. Instead of receiving the benefit of products free of artificial flavoring, they received products that were unlawfully labelled to deceive consumers into believing that they were exclusively naturally flavored and contained no artificial flavoring, in violation of federal and state labelling regulations.

63.    Plaintiffs would not have purchased the Products in the absence of Defendant's misrepresentations and omissions. Had Defendant not violated California

1    law, Plaintiffs would not have been injured.

2         64.    As described above, products perceived by the consumer as natural sell at a

3   premium price compared to synthetic or artificially-flavored products.

4         65.    The Products were worth less than what Plaintiffs paid for them and Class

5   members would not have paid as much as they did for the Products absent Defendant's

6   false and misleading statements and omissions.

7         66.    Plaintiffs therefore lost money as a result of Defendant's unlawful behavior.

8   Plaintiffs altered their position to their detriment and suffered loss in an amount equal to

9   the price premium they paid for the Products as falsely labeled.

10        67.    Plaintiffs intend to, seek to, and will purchase the Products again when they

11   can do so with the assurance that the Products' labels, which indicate that the Products

12   are naturally flavored, are lawful and consistent with the Products' ingredients.

13                 **V.**      **<u>CLASS ACTION ALLEGATIONS</u>**

14        68.    Plaintiffs bring this action on behalf of themselves and all others similarly

15   situated pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

16        69.    The Nationwide Class is defined as follows:

17            All U.S. citizens who purchased the Products in their respective state of

18            citizenship on or after January 1, 2012 and until the Class is certified, for

19            personal use and not for resale, excluding Defendant and Defendant's

20            officers, directors, employees, agents and affiliates, and the Court and its

21            staff.

22        70.    The California Class is defined as follows:

23            All California citizens who made retail purchases of the Products in

24            California on or after January 1, 2012 and until the Class is certified, for

25            personal use and not for resale, excluding Defendant and Defendant's

26            officers, directors, employees, agents and affiliates, and the Court and its

27            staff.

28        71.    During the Class Period, the Products unlawfully contained the undisclosed

artificial flavors d-malic acid or d-l malic acid and were otherwise improperly labeled. Defendant failed to label the Products as required by California law.

72.     During the Class Period, Class members purchased the misbranded Products, paying a price premium for the Products compared to similar products lawfully labeled.

73.     The proposed Classes meet all criteria for a class action, including numerosity, commonality, typicality, predominance, superiority, and adequacy of representation.

74.     This action has been brought and may properly be maintained as a class action against Defendant. While the exact number and identities of other Class Members are unknown to Plaintiffs at this time, Plaintiffs are informed and believe that there are hundreds of thousands of Members in the Class. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

75.     The proposed Classes satisfy typicality. Plaintiffs' claims are typical of and are not antagonistic to the claims of other Class members. Plaintiffs and the Class members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result of purchasing the Products that were illegal to sell.

76.     The proposed Classes satisfy superiority. A class action is superior to any other means for adjudication of the Class members' claims because each Class member's claim is modest, based on the Products' retail purchase prices which are generally under $5.00 per unit. It would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

77.     Because Defendant's misrepresentations were made on the label of the Products, all Class members including Plaintiffs were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate California law with impunity.

78.     The proposed Class Representatives satisfy adequacy of representation. Plaintiffs are adequate representatives of the Class as they seek relief for the Class, their interests do not conflict with the interests of the Class members, and they have no interests antagonistic to those of other Class members. Plaintiffs have retained counsel competent in the prosecution of consumer fraud and class action litigation.

79.     The proposed Classes satisfy commonality and predominance. There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

80.     Questions of law and fact common to Plaintiffs and the Class include:

a. Whether Defendant failed to disclose the presence of the artificial flavoring ingredient d-l malic acid in the Products;

b. Whether Defendant's labeling omissions and representations constituted false advertising under California law;

c. Whether Defendant's conduct constituted a violation of California's Unfair Competition Law;

d. Whether Defendant's conduct constituted a violation of California's Consumer Legal Remedies Act;

e. Whether Defendant's label statements only claiming natural flavorings was an affirmative representation of the Products' composition and conveyed an express warranty;

f. Whether Defendant's conduct constitutes a breach of implied warranties under California's Commercial Code;

g. Whether the statute of limitations should be tolled on behalf of the Class;

h. Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

i. Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

81.     Plaintiffs will fairly and adequately protect the interests of the Class, have no interests that are incompatible with the interests of the Class, and have retained counsel competent and experienced in class litigation.

82.     Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

83.     Class treatment is therefore appropriate under Federal Rule of Civil Procedure 23.

84.     Class damages will be adduced at trial through expert testimony and other competent evidence.

85.     California law holds that the price-premium consumers paid for the falsely-advertised Products, as a percentage of the Products' retail prices, is a proper measure of Class damages.

86.     Food-industry consumer research is consistent and readily supports such estimates of that price-premium, as consumers quantitatively report that they seek out, value, and are willing to pay a premium for food products with no artificial flavors.

87.     On information and belief, based on publicly-available information, Plaintiffs allege that the total amount in controversy exclusive of fees, costs, and interest, based on the estimated price premium and the Products' revenue for sales to the Classes during the proposed Class Period, exceeds $5 million.

# VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### FRAUD BY OMISSION

### CAL. CIV. CODE §§ 1709-1710

### and the common law of all states

### (on behalf of the Nationwide Class and the California Class)

88.     Plaintiffs re-allege and incorporate by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

89.     Plaintiffs bring this claim for fraud by omission pursuant to California Civil

16

Code §§ 1709-1710, *et seq.* and the common law of all states. The elements of fraud are substantially similar from state to state, thus making nationwide class certification appropriate.

90.    Defendant actively concealed material facts, in whole or in part, with the intent to induce Plaintiffs and members of the Class to purchase the Products. Specifically, Defendant actively concealed the truth about the Products by not disclosing the existence of artificial flavoring ingredients on the front label of the Products as is required by California and federal law.

91.    Plaintiffs and the Class were unaware of these omitted material facts and would not have purchased the Products, or would have paid less for the Products, if they had known of the concealed facts.

92.    Plaintiffs and the Class suffered injuries that were proximately caused by Defendant's active concealments and omissions of material facts.

93.    Defendant's fraudulent concealments and omissions were a substantial factor in causing the harm suffered by Plaintiffs and the Class members as they would not have purchased the Products at all if all material facts were properly disclosed.

## SECOND CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
### CAL. CIV. CODE §§ 1709-1710
### and the common law of all states
### (on behalf of the Nationwide Class and the California Class)

94.    Plaintiffs re-allege and incorporate by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

95.    Plaintiffs bring this claim for negligent misrepresentation pursuant to California Civil Code §§ 1709-1710, *et seq.* and the common law of all states. The elements of negligent misrepresentation are substantially similar from state to state, thus making nationwide class certification appropriate.

96.    Defendant had a duty to disclose to Plaintiffs and the Class members the

existence of artificial flavoring ingredients on the front labels of the Products pursuant to California and federal law. Defendant was in a superior position than Plaintiffs and the Class members such that reliance by Plaintiffs and the Class members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

97.    During the applicable Class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the Products, including the existence of artificial flavoring ingredients.

98.    Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiffs and the Class members would not have realized the true existence of artificial flavoring ingredients in the Products.

99.    Plaintiffs and the Class members were unaware of the falsity of Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Products.

100.   Plaintiffs and the Class members would not have purchased the Products, or would have paid less for the Products, if the true facts had been known.

**THIRD CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT,**

**Cal. Civ. Code § 1750,** *et seq***.**

**(on behalf of the California Class)**

101.   Plaintiffs re-allege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

102.   The California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA") prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

103.   Plaintiffs and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d). The Products are a "good" as defined by Cal. Civ. Code § 1761.

104.   Defendant's failure to label the Products in compliance with federal and state labeling regulations, was an unfair, deceptive, unlawful, and unconscionable commercial practice.

105.   Defendant's conduct violates the CLRA, including but not limited to, the following provisions:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

95.   As a result of Defendant's violations, Plaintiffs and the Class suffered, and continue to suffer, ascertainable losses in the form of the price premiums they paid for the deceptively labeled and marketed Products, which they would not have paid had the Products been labeled truthfully, and/or in the form of the reduced value of the Products purchased compared to the Products as labeled and advertised.

106.   On or about October 18, 2018, Plaintiff Morris sent a CLRA notice letter to Defendant which complies with California Civil Code § 1782(a). Plaintiff Morris sent Defendant's Registered Agent of Process, individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. A copy of Plaintiff Morris's October 18, 2018 CLRA letter is attached hereto as **Exhibit 1**.

107.   More than thirty days have passed since Plaintiff Morris sent Defendant her CLRA letter, and Defendant has failed to take the corrective action described in Plaintiff Morris's letter. Wherefore, Plaintiffs, on behalf of themselves and the Class, seek damages, restitution, injunctive relief, and attorneys' fees and costs for Defendant's

violations of the CLRA.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW,
### (UNLAWFUL PRONG)
### Cal. Business & Professions Code § 17200, *et seq*.
### (on behalf of the California Class)

107.   Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

108.   Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice. Section 17200 specifically prohibits any "unlawful . . . business act or practice."

109.   The UCL borrows violations of other laws and statutes and considers those violations also to constitute violations of California law.

110.   Defendant's practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, FDA regulations and California's Sherman Law.

111.   Among other violations, Defendant's conduct in unlawfully packaging and distributing the Products in commerce in California violated U.S. FDA packaging and labelling regulations.

112.   The Products' labels fail to disclose that they contain synthetic artificial flavoring in violation of 21 C.F.R. § 101.22 and California's Sherman Law. In fact, the Products' labeling include the statement "NO artificial flavors."

113.   The Products contain d-l-malic acid, but do not identify this compound as an artificial flavoring, on either the Products' front or back labels.

114.   The d-l-malic acid is a flavoring material, which is included in the Products to create, simulate, or reinforce the Products' characterizing fruit flavors.

115.   The d-l-malic acid in the Products is not derived from a natural material as

defined in 21 C.F.R. § 101.22, and is therefore by law an artificial flavor.

116.   Defendant fails to inform consumers of the presence of the artificial flavor in the Products, on either the front or back-label as required by law.

117.   Such conduct is ongoing and continues to this date.

118.   Defendant's practices are therefore unlawful as defined in Section 17200 of the California Business & Professions Code.

### FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (UNFAIR PRONG)

### Cal. Business & Professions Code § 17200, *et seq.*

### (on behalf of the California Class)

119.   Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

120.   Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unfair . . . business act or practice." Defendant's practices violate the Unfair Competition Law "unfair" prong as well.

121.   Defendant's practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California residents and the utility of the conduct to Defendant does not outweigh the gravity of the harm to consumers.

122.   While Defendant's decision to label the Products deceptively and in violation of California law may have some utility to Defendant in that it allows Defendant to sell the Products to consumers who otherwise would not purchase artificially-flavored food products at the retail price or at all if they were labelled correctly, and to realize higher profit margins than if they formulated or labelled the Products lawfully, this utility is small and far outweighed by the gravity of the harm Defendant inflicts upon California consumers.

123.   Defendant's conduct also injures competing food product manufacturers,

distributors, and sellers that do not engage in the same unlawful, unfair, and unethical behavior.

124.   Moreover, Defendant's practices also violate public policy expressed by specific constitutional, statutory or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

125.   Plaintiffs' and Class members' purchases of the Products all took place in California.

126.   Defendant labeled the Products in violation of federal regulations and California law requiring truth in labelling.

127.   Defendant consciously failed, and continue to fail, to disclose material facts to Plaintiffs and the Class in Defendant's advertising and marketing of the Products.

128.   Defendant's conduct is unconscionable because, among other reasons, it violates 21 C.F.R. § 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring … [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

117.   Defendant's conduct is "unconscionable" because it violates, among other things, 21 C.F.R. § 101.22(c), which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the products' front labels.

129.   Defendant intended that Plaintiffs and the Class rely on Defendant's acts of omission and/or misrepresentations so that Plaintiffs and other Class members would purchase the Products.

130.   Had Defendant disclosed all material information regarding the Products in its advertising and marketing, Plaintiffs and the Class would not have purchased the Products or would have paid less for the Products.

131.   Plaintiffs and the Class suffered an injury in fact and lost money or property as a result of Defendant's deceptive advertising.  They were denied the benefit of the bargain when they decided to purchase the Products based on Defendant's violation of the applicable laws and regulations, or to purchase the Products in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labelled.

132.   Plaintiffs suffered an ascertainable loss of money.  The acts, omissions and practices of Defendant detailed herein proximately caused Plaintiffs and other members of the Class to suffer an ascertainable loss in the form of, among other things, monies spent to purchase the Products they otherwise would not have, and they are entitled to recover such damages, together with appropriate penalties, including restitution, damages, attorneys' fees and costs of suit.

133.   Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising."  For the reasons set forth above, Defendant engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code § 17200.

134.   Pursuant to California Business & Professions Code § 17203, Plaintiffs seek an order requiring Defendant immediately to cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to return the full amount of money improperly collected to those who purchased the Products.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

**Cal. Business & Professions Code § 17500, *et seq*.**

**(on behalf of the California Class)**

135.   Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

136.   Plaintiffs bring this cause of action on behalf of the California Class against Defendant for violation of California's False Advertising Law, Cal. Bus. & Prof. Code

23

§§ 17500, *et seq.* ("FAL").

137.   Defendant made and distributed, in California and in interstate commerce, the Products that unlawfully fail to disclose artificial flavoring on their packaging as required by federal food labelling regulations.

138.   The Products' labelling and advertising in California falsely describe the Products as if they are only naturally flavored.

139.   Under California' False Advertising Law, Business & Professions Code § 17500 *et seq.*:

> "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property … to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated form this state before the public in any state, in any newspaper or other publication, or any advertising device … any statement concerning that real or personal property … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ."

(Cal. Bus. & Prof. Code § 17500.)

140.   Defendant's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to California's FAL because Defendant advertised the Products in a manner that is untrue and misleading, and that is known or reasonably should have been known to Defendant to be untrue or misleading.

141.   Defendant's labeling and advertising statements, communicating to consumers that the Products contain "NO Artificial Flavors", omitting legally-required label statements, and concealing the fact that the Product contained a synthetic artificial flavor, were untrue and misleading, and Defendant, at a minimum by the exercise of reasonable care, should have known those actions were false or misleading. Thus, Defendant's conduct violated California's False Advertising Law.

142.   Defendant's wrongful business practices have caused injury to Plaintiffs and the Class.

## **SEVENTH CAUSE OF ACTION**

### **BREACH OF EXPRESS WARRANTIES**
### **CAL. COMM. CODE § 2313**

**(on behalf of the California Class and all states with substantially similar laws)**

143. Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

144. The Products' labels warrant that the Products are "naturally flavored" and contain "NO artificial flavors."

145. These written promises became part of the basis of the bargain between the parties and thus constituted an express warranty, which Defendant breached; the Products are artificially flavored.

146. These representations had an influence on consumers' decisions in purchasing the Products. Defendant made the above representations to induce Plaintiffs and the Class to purchase the Products. Plaintiffs and Class Members justifiably relied on the representations when purchasing Defendant's Products.

147. The Products do not conform to Defendant's express warranties because the express warranties are false and misleading.

148. Defendant sold the goods to Plaintiffs and other Class Members, who bought the Products from Defendant, relying on Defendant's express warranties.

149. As a result, Plaintiffs and other Class Members did not receive goods as warranted by Defendant.

150. Within a reasonable amount of time after Plaintiffs discovered that the Products contained synthetic ingredients, Plaintiffs notified Defendant of such breach.

151. As a proximate result of this breach, Plaintiffs and other Class Members have been damaged in an amount to be determined at trial.

//

//

## EIGHT CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTIES
### CAL. COMM. CODE § 2314

**(on behalf of the California Class and all states with substantially similar laws)**

152. Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

153. Defendant's label representations also created implied warranties that the Products were suitable for a particular purpose, specifically as naturally flavored food products. Defendant breached this warranty as well.

154. The Products' front labels misleadingly imply that they are flavored with the natural ingredients comprising the characterizing flavors.

155. The Products' front labeling also misleadingly states that the Products contain "NO artificial flavors."

156. As alleged in detail above, at the time of purchase Defendant had reason to know that Plaintiffs, as well as members of the Class, intended to use the Products as naturally flavored food products.

157. This became part of the basis of the bargain between the parties.

158. These representations had an influence on consumers' decisions in purchasing the Products. Defendant made the above representations to induce Plaintiffs and the Class to purchase the Products. Plaintiffs and Class Members justifiably relied on the representations when purchasing Defendant's Products.

159. Based on that implied warranty, Defendant sold the goods to Plaintiffs and other Class members who bought the Products from Defendant.

160. At the time of purchase, Defendant knew or had reason to know that Plaintiffs and the Class members were relying on Defendant's skill and judgment to select or furnish products that were suitable for this particular purpose, and Plaintiffs justifiably relied on Defendant's skill and judgment.

161. The Products were not, and are not, suitable for this purpose.

162.   Plaintiffs purchased the Products believing they had the qualities Plaintiffs sought, based on the deceptive advertising and labelling, but the Products were actually unsatisfactory to Plaintiffs for the reasons described herein.

163.   The Products were not merchantable in California, as they were not of the same quality as other products in the naturally-flavored food category generally acceptable in the trade, as they actually contained an undisclosed artificial flavor. *See* Cal. Comm. Code § 2314(1).

164.   The Products would not pass without objection in the trade when packaged with their existing label, because the Products were misbranded and illegal to sell in California.  (Cal. Commercial Code, §2314(2)(a).)

165.   The Products also were not acceptable commercially and breached their implied warranty because they were not adequately packaged and labelled as required. (Cal. Commercial Code, §2314(2)(e).)

166.   The Products also were not acceptable commercially and breached their implied warranty because they did not conform to the promises or affirmations of fact made on the container or label. (Cal. Commercial Code, §2314(2)(f), and other grounds set forth in Commercial Code, §2314.)

167.   By offering the Products for sale and distributing the Products in California, Defendant also warranted that the Products were not misbranded and were legal to purchase in California. Because the Products were misbranded in several respects and were therefore illegal to sell or offer for sale in California, Defendant breached this warranty as well.

168.   As a result of this breach, Plaintiffs and other consumers did not receive goods as impliedly warranted by Defendant.

169.   Within a reasonable amount of time after Plaintiffs discovered that the Products contained synthetic flavoring ingredients, Plaintiffs notified Defendant of such breach.

170.   As an actual and proximate result of this breach of warranty, Plaintiffs and

other consumers have been damaged in an amount to be determined at trial.

171.   As a result, Plaintiffs and the Class, and the general public, are entitled to damages, injunctive and equitable relief, restitution, and an order for the disgorgement of funds by which Defendant was unjustly enriched.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, pray for judgment against Defendant as follows:

(A) An order confirming that this action is properly maintainable as a class action as defined above;

(B) An order appointing Plaintiffs as class representatives and The Law Office of Ronald A. Marron, APLC as counsel for the Class;

(C) An order requiring Defendant to bear the cost of Class notice;

(D) An order declaring that the conduct complained of herein violates the CLRA;

(E) An order declaring that the conduct complained of herein violates the UCL;

(F) An order declaring that the conduct complained of herein violates the FAL;

(G) An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

(H) An order requiring Defendant to disgorge any benefits received from Plaintiffs and any unjust enrichment realized as a result of the improper and misleading labeling advertising, and marketing of the Products;

(I) An order requiring Defendant to pay restitution and damages to Plaintiffs and Class members so that they may be restored any money which was acquired by means of any unfair, deceptive, unconscionable or negligent acts;

(J) An award of punitive damages in an amount to be proven at trial;

1    (K) An award of damages and statutory damages;

2    (L) An order enjoining Defendant's deceptive and unfair practices;

3    (M) An order requiring Defendant to conduct corrective advertising;

4    (N) An award of pre-judgment and post-judgment interest;

5    (O) An award of attorney fees and costs; and

6    (P) Such other and further relief as this Court may deem just, equitable, or

7    proper.

8                              **VIII.  <u>JURY DEMAND</u>**

9    Plaintiffs demand a trial by jury on all claims for damages. Plaintiffs do not seek a

10   jury trial for claims sounding in equity.

11

12   DATED: December 26, 2018          Respectfully Submitted,

13

14                                     */s/ Ronald A. Marron*
15                                     Ronald A. Marron

16                                     **LAW OFFICES OF RONALD A. MARRON**
17                                     Ronald A. Marron
                                       *ron@consumersadvocates.com*
18                                     Michael T. Houchin
                                       *mike@consumersadvocates.com*
19                                     651 Arroyo Drive
                                       San Diego, CA 92103
20                                     Telephone: (619) 696-9006
                                       Fax: (619) 564-6665
21
22                                     **PACIFIC TRIAL ATTORNEYS**
                                       A Professional Corporation
23                                     SCOTT J. FERRELL (SBN 202091)
                                       sferrell@pacifictrialattorneys.com
24                                     4100 Newport Place Drive, Ste. 800
                                       Newport Beach, CA 92660
25                                     Tel: (949) 706-6464
                                       Fax: (949) 706-6469
26                                     ***Counsel for Plaintiffs and the Proposed Class***
27
28